IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PDR, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2047C<br>(Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first, second, third, and fourth sentences of paragraph 4 to the extent supported by the cited United States Air Force Cooperative Research and Development Agreement 96-RL-07 ("the CRDA") and amendments thereto, which are the best evidence of their contents; otherwise, denies the allegations contained in the first, second, third, and fourth sentences of paragraph 4. The allegations contained in the fifth sentence of paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are

denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the cited Cooperative Research and Development Agreements, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the CRDA, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the CRDA, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. Admits that Mr. Michael Suscavage, an Air Force employee and doctoral student at Tufts University, was assigned by the Air Force to work on the CRDA; otherwise, denies the allegations contained in the first sentence of paragraph 8. Denies the allegations contained in the second sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third and fourth sentences of paragraph 8 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the cited provisions of the CRDA, which are the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. Admits that between approximately May 1996 and the autumn of 1997,

plaintiff and defendant worked with Finkenbeiner, Inc. to construct and assemble a quartz plasma torch system to synthesize gallium nitride (GaN); further admits that some of this work utilized defendant's laboratory facilities and personnel located at Hanscom Air Force Base, Massachusetts; otherwise, denies the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits that in or around May 1997, plaintiff gave to Mr. Suscavage a GaN target that plaintiff apparently had prepared outside of defendant's laboratories; denies that the GaN target was developed pursuant to the CRDA; otherwise, denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits that plaintiff gave the GaN target to Mr. Suscavage to perform pulsed laser deposition in order to make GaN film; denies that the GaN was provided pursuant to the CRDA; otherwise, denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations contained in paragraph 14 to the extent supported by the cited amendment to the CRDA, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 14.

15. Denies the allegations contained in the first sentence of paragraph 15. Admits that plaintiff requested performance data about testing of the first GaN target; otherwise,

denies the allegations contained in the second sentence of paragraph 15. Avers that during the period June 1997 through November 1997, Mr. Suscavage showed plaintiff's president, Mr. Kenneth Preston, performance data that indicated that the first target produced GaN films that contained numerous particles. Denies the allegations contained in the third sentence of paragraph 15 because they are plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

16. Denies.

17. Denies.

18. Denies the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Admits that in or around October 1997, plaintiff's patent counsel requested performance data from the testing that Mr. Suscavage performed upon the first GaN target; otherwise, denies the allegations contained in the second sentence of paragraph 18. Avers that Mr. Suscavage continued to share performance data with plaintiff. Denies the allegations contained in the third sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Admits that defendant was notified of plaintiff's pending patent application; otherwise, denies the allegations contained in the fourth sentence of paragraph 18.

19. Admits that Mr. Suscavage suggested that plaintiff speak to Dr. Alvin Drehman about testing the second GaN target to try to sputter GaN films; otherwise, denies the allegations contained in the first sentence of paragraph 19. Denies the allegations contained in the second and third sentences of paragraph 19. Denies the allegations contained in the fourth sentence of paragraph 19 for lack of knowledge or information

sufficient to form a belief as to their truth.

20. Denies.

21. Admits that at plaintiff's request, one of defendant's X-ray diffraction patterns of the first GaN target was posted next to a posterboard regarding zinc oxide research that Dr. Drehman displayed at the 1997 MRS Conference; otherwise, denies the allegations contained in the first sentence of paragraph 21. Denies the allegations contained in the second sentence of paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the cited patent application, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 22.

23. Admits that Mr. Preston notified Mr. Suscavage that Mr. Preston had submitted a patent application; otherwise, denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies.

26. Denies the allegations contained in the first, second, and third sentences of paragraph 26. Denies the allegations contained in the fourth sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies.

28. Admits that Mr. Suscavage returned the first GaN target to Mr. Preston in or around May 1998; otherwise, denies the allegations contained in the first sentence of paragraph 28. Admits that this target showed wear and had a depression in the center; avers

that that is normal testing consumption of any target that had undergone pulsed laser deposition as carried out by Mr. Suscavage; otherwise, denies the allegations contained in the second sentence of paragraph 28. Denies the allegations contained in the third sentence of paragraph 28 because they are legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Denies.

30. Admits the allegations contained in paragraph 30 to the extent supported by the July 30, 1998 letter attached as Exhibit "D," which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits that in the cited letter dated June 29, 1998, which is attached to the complaint as Exhibit "D" and is the best evidence of its contents, Mr. Collier stated that "[t]he people at the lab believe that the targets provided by Mr. Preston were . . . provided gratuitously"; otherwise, denies the allegations contained in paragraph 31.

32. Admits that defendant, in or around September 1996, entered into a Cooperative Research and Development Agreement with NZ Applied Technologies Corporation ("NZ Applied Technologies"); otherwise, denies the allegations contained in the first sentence of paragraph 32. Admits the allegations contained in the second sentence of paragraph 32 to the extent supported by the cited agreement, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by

the cited contract, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 33.

34. Denies.

35. Admits that after June 1998, NZ Applied Technologies continued its work pursuant to the Cooperative Research and Development Agreement entered into by NZ Applied Technologies and defendant; otherwise, denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denies the allegation that defendant had seized plaintiff's property; denies the remaining allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Admits the allegations contained in the first sentence of paragraph 37 to the extent supported by the cited letters, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 37. Denies the allegations contained in the second sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Admits the allegations contained in paragraph 38 to the extent supported by the cited letter, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 38.

39. Admits that on April 27, 1999, defendant filed before the United States Patent and Trademark Office U.S. Patent Application Serial No. 299,928, which issued as U.S. Patent No. 6,406,540B1; U.S. Patent Application Serial No. 299,931, which issued as U.S. Patent No. 6,306,739; and U.S. Patent Application Serial No. 300,053, which issued as U.S.

Patent No. 6,113,985; otherwise, denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the cited patents, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the cited patents, which are the best evidence of their contents; admits that at the time the patent applications were filed, co-inventor Michael Suscavage and inventor Michael Alexander were Air Force employees, and that co-inventors John Bailey and Michael Callahan were employees of a private corporation working at Hanscom Laboratory on a contractual basis; otherwise, denies the allegations contained in paragraph 41.

42. Admits that in or around June or July 1998, Dr. Alvin Drehman submitted an abstract for the December 1998 MRS Conference in Boston regarding research about GaN and aluminum nitride; otherwise, denies the allegations contained in the first sentence of paragraph 42. Avers that Dr. Drehman provided a copy of the abstract to Mr. Preston. Denies the allegations contained in the second sentence of paragraph 42.

43. Admits the allegations contained in the first sentence of paragraph 43 to the extent supported by the cited written report, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 43. Denies the allegations contained in the second sentence of paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the cited letter of intent; which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 44.

45. Admits that defendant completed its preparation of a draft Second Amendment to the CRDA in August 1999; further admits that in September 1999, officials signed on behalf of defendant a Second Amendment to the CRDA; otherwise, denies the allegations contained in the first sentence of paragraph 45. Admits the allegations contained in the second sentence of paragraph 45 to the extent supported by the cited Second Amendment and letter of intent, which are the best evidence of their contents; otherwise, denies the allegations contained in the second sentence of paragraph 45.

46. Denies.

47. Admits the allegations contained in paragraph 47 to the extent supported by the cited paper, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Denies the allegations contained in the first sentence of paragraph 48. Denies the allegations contained in the second sentence of paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Admits that Julian Siegel and Patent Attorney Tom Stover met with Mr. Preston on or around May 17, 2000; otherwise, denies the allegations contained in paragraph 50.

51. Denies.

52. Admits that several Solid State Scientific Corporation ("SSSC") employees

began working with defendant on GaN research before plaintiff signed the CRDA; otherwise, denies the allegations contained in the first sentence of paragraph 52. Denies the allegations contained in the second and third sentences of paragraph 52.

53. Admits that SSSC employees John Bailey and Michael Callahan were identified as co-inventors in U.S. Patent Application Serial Nos. 299,928 and 300,053, which issued as U.S. Patent Nos. 6,406,540B1 and 6,113,985, respectively, which are the best evidence of their contents; further admits that the SSSC was granted nonexclusive licenses to any patents that issued from these two patent applications to the extent supported by any assignments executed by the co-inventors, which are the best evidence of their contents; otherwise, denies the remaining allegations contained in paragraph 53.

54. Denies the allegations contained in paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55. Denies.

56. Denies.

57. Admits the allegations contained in the first sentence of paragraph 57 to the extent supported by the cited written explanation, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 57. Denies the allegations contained in the second and third sentences of paragraph 57.

58. Denies.

59. Admits the allegations contained in the first sentence of paragraph 59 to the extent supported by the cited letter, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 59. Denies the allegations

contained in the second sentence of paragraph 59.

60. Admits that the Department of Defense's Office of Inspector General opened case number 79613 in response to an email from plaintiff received on January 18, 2001; further admits that plaintiff was instructed how to obtain information in writing about the case through making a Freedom of Information Act request; otherwise, denies the allegations contained in the first sentence of paragraph 60. Admits the allegations contained in the second sentence of paragraph 60 to the extent supported by the cited report, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 60.

61. Denies the allegations contained in paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

62. Denies the allegations contained in paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth.

63. Denies the allegations contained in paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64. Denies the allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Admits the allegations contained in paragraph 65 to the extent supported by Exhibit "J" to the complaint, which includes a letter from plaintiff to Captain John Reynolds, Department of the Air Force, dated April 8, 2002, and an invoice that states two amounts ($2,765,000 and $2,576,000), and which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67. Denies.

COUNT I

BREACH OF CONTRACT (CRDA)

68. Defendant's responses to paragraphs 1-67 above are incorporated by reference.

69. Denies.

70. Denies.

71. Denies.

72. Denies.

73. Denies.

74. Denies.

75. Denies.

76. Denies.

COUNT II

VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHTS

77. Defendant's responses to paragraphs 1-76 above are incorporated by reference.

78. Denies.

COUNT III

BREACH OF CONTRACT (LICENSE)

79. Defendant's responses to paragraphs 1-78 above are incorporated by reference.

80. Denies.

81. Denies that plaintiff is entitled to the relief sought following paragraph 80, or to any relief whatsoever.

82. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

83. Plaintiff's claims are barred because it failed to exhaust its administrative remedies.

84. Plaintiff's claims are barred by waiver.

85. Plaintiff's claims are barred by estoppel.

WHEREFORE, defendant respectfully requests the Court to enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s David M. Cohen by Robert E. Kirschman, Jr.

DAVID M. COHEN
Director

/s John H. Williamson

CHUN-I CHIANG
Trial Attorney
Intellectual Property Section
Commercial Litigation Division
Air Force Legal Services Agency
1501 Wilson Blvd.
Arlington, VA 22209

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
ATTN: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972
Email: john.williamson@usdoj.gov

January 27, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 27th day of January, 2004, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically and was served by facsimile upon plaintiff's counsel, Philip F. Filosa, on (508) 384-3210. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s John H. Williamson