IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PDR, INC.,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 03-2047C<br>(Judge George W. Miller) |

**JOINT MOTION TO REVISE DISCOVERY PLAN**

Plaintiff, PDR, Inc., and defendant, the United States, respectfully request that the Court revise the discovery plan that was proposed by the parties in their March 19, 2004 Joint Preliminary Status Report, and that was adopted by the Court in its March 23, 2004 order. The Court's order provides for summary judgment briefing to take place after the close of fact discovery, but before the parties complete expert discovery. In relevant part, the order provides that the parties shall:

- Complete fact discovery by October 29, 2004;
- Initiate briefing on cross-motions for summary judgment on December 8, 2004; and
- Complete expert discovery by May 11, 2005.

Because of the complex technology involved in this case, the parties now believe that both fact and expert discovery should be concluded before the parties engage in summary judgment briefing. The parties believe that once expert discovery concludes, they will be better able to assess what issues may be appropriate for resolution by the Court on summary judgment.

In particular, one of the crucial issues in discovery is determining what, if any, proprietary technical information of PDR was conveyed to or taken by the Air Force (Complaint ¶¶ 6, 25, 31), and whether any proprietary technical information of PDR was conveyed by the Air Force to companies other than PDR, as PDR alleges (Id. ¶¶ 34, 52). This discovery requires exploring the complex scientific issues involved in research into using gallium nitride to fabricate semiconductor devices. Because determining what is PDR's proprietary technical information requires expert testimony, the parties believe that it is most logical to defer any summary judgment briefing until after the close of expert discovery, because this issue underlies the causes of actions and damages asserted by PDR.

Another crucial issue in discovery is determining what was the performance data and other information that PDR alleges the Air Force did not provide to PDR, and how did the Air Force's alleged actions or omissions impede PDR's efforts in the commercialization of its gallium nitride technology. Complaint ¶¶ 15, 17, 26. This issue, too, requires expert testimony.

Although disputed factual issues are likely to remain after discovery closes, the parties believe that expert discovery may assist the parties to narrow the areas of disagreement remaining for resolution by the Court. In any event, defendant anticipates that at the conclusion of discovery, it is likely that it will move for partial summary judgment on the basis that PDR cannot pursue a taking claim because it has also asserted breach of contract claims based upon the Cooperative Research and Development Agreement and patent license agreement signed by the parties. Hughes Communications Galaxy, Inc. v.

United States, 271 F.3d 1060, 1069 (Fed. Cir. 2001) (citing Sun Oil Co v. United States, 215 Ct. Cl. 716, 572 F.2d 786, 818 (1978)).

The parties also require a substantial enlargement of time to complete fact discovery. The parties have engaged in written discovery, but need to retain experts to assist in completing the remainder of fact discovery, so that they can advise the parties during the preparation for and taking of depositions of fact witnesses regarding their work on gallium nitride technology. The parties are hopeful that retaining experts may also permit the parties to conduct better informed and thus more meaningful settlement discussions than are possible at present.

The parties respectfully propose the following revised discovery plan for the Court's consideration and, if the Court wishes, discussion during the telephonic status conference scheduled for Friday, November 12, 2004 at 2:30 p.m.:

- Completion of fact discovery by March 9, 2005;
- Exchange of expert reports by April 27, 2005; and
- Completion of expert discovery by June 1, 2005.

Respectfully submitted,

s/ Philip F. Filosa

PHILIP F. FILOSA
17 Kendrick Street
P.O. Box 808
Wrentham, MA 02093
Tel.: (508) 384-3264
Fax: (508) 384-3210
Email: pffilosa@netzero.net

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen by Jeanne E. Davidson

DAVID M. COHEN
Director

s/ John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
ATTN: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972
Email: john.williamson@usdoj.gov

OF COUNSEL:

CHUN-I CHIANG
Trial Attorney
Intellectual Property Branch
Commercial Litigation Division
Air Force Legal Services Agency
1501 Wilson Blvd.
Arlington, VA 22209

October 27, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 27th day of October, 2004, a copy of the foregoing "JOINT MOTION TO REVISE DISCOVERY PLAN" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_s/ John H. Williamson_______