IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PDR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 03-2047C<br>(Judge George W. Miller) |

**PROTECTIVE ORDER**

The parties have agreed that certain information that may necessarily be disclosed orally or in writing during this action may be competition sensitive, proprietary, confidential, or otherwise protectable. To address these concerns, it is ORDERED that protected information, provided formally or informally during the course of this action, including before the filing of this Order, shall be disclosed by the parties only as follows:

1. "Protected Information" means:

(a) Non-public information, including proprietary, confidential, or sensitive information contained in any document produced, filed, or served by the parties or a third party (including any pleading, motion, brief, notice, or discovery request or response) that is designated as protected by a party or third party; and

(b) Non-public information, including proprietary, confidential, or sensitive information contained in any deposition, testimony, affidavit, or declaration taken or provided during this litigation that is designated by a party or third party.

(c) However, Protected Information does not include any documents that have been or become part of the public domain by publication or otherwise and not because of any unauthorized act or omission on the part of the receiving party or any of its authorized representatives under this protective order. Moreover, if a party designates a document as containing Protected Information, this is not a determination by the Court (see Section 10 below).

(d) In the event a party wishes to designate as Protected Information documents produced by non-parties to this action, it will do so by marking any such document as required by Section 3, and providing copies of the documents so stamped to the opposing party within 30 days of receiving the documents provided by the non-party. Until the 30 day period has expired, the documents shall be treated as Protected Information.

(e) The parties shall have 30 days from the date of this Order to designate documents already produced in this action as Protected Information.

(f) In designating information as protected, the designating party will make such designation only as to the information that the designating party in good faith believes (and that counsel for that party certifies) contains information entitled to protection in conformity with the standards of RCFC 26(c).

2. Protected Information shall be used by private parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided in this Order.

(a) Except as provided in paragraphs 2(c) and (d), the only persons who may be given access to protected information are (i) legal counsel for a party and (ii) independent consultants and experts assisting such counsel in connection with the litigation.

(b) Any persons seeking access to Protected Information shall first read this protective order and if an attorney, execute a copy of Appendix A, the Application for Access to Materials Under Protective Order for Outside Counsel, or, if an expert consultant or witness, execute a copy of Appendix B, the Application for Access to Materials Under Protective Order by Expert Consultant or Witness. Such person shall, without further action by the Court, be permitted access to Protected Information at the close of the second business day after the other parties have received the application, unless, in the interim, any party informs the requesting party in writing of an objection. If the parties are unable to reach agreement regarding the objection, the party seeking access may present the matter to the Court by application. The person for whom access is sought shall not be given access unless and until the Court authorizes such access.

(c) Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this protective order may be given access to protected information is such personnel have first been informed by such counsel of the obligations imposed by this protective order.

(d) Court of Federal Claims, United States Air Force, and Department of Justice personnel are automatically subject to the terms of this protective order and are entitled to access to Protected Information, without further action.

(e) Notwithstanding anything to the contrary in this Order, any party may use without restriction:

(i) its own documents or information

(ii) documents or information concerning or reflecting transactions or

communications to which it was a party; and

(iii) documents or information developed or obtained independently of discovery in this action, irrespective of whether such document or information has been designated as Protected Information.

3. (a) Protected Information filed, served, or provided as courtesy copies, and proposed redacted documents (other than a pleading, to which paragraphs 4(a) and (b) apply), shall be in a sealed parcel containing the legend "PROTECTED MATERIAL ENCLOSED" conspicuously placed on the outside of the parcel. A copy of the certificate of service identifying documents being filed should be attached to the front of each envelope.

(b) The first page of each document containing Protected Information shall be clearly marked as follows: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

(c) The Clerk of the Court will maintain properly marked protected pleadings or materials under seal. The Clerk is further directed to file as a public document any filing not in conformity with these requirements.

4. A party that files a pleading, motion, brief, notice, affidavit, declaration, or similar document in accordance with paragraph 3 of this protective order shall promptly serve on each other party a proposed redacted copy of the document with the claimed protected information deleted and clearly marked "Proposed Redacted Copy" in the upper right-hand corner of the first page.

(a) Within two business days after their receipt of the proposed redacted copy, other parties shall advise the party originating the document of any additional redactions they require. The originating party shall promptly provide each party with a copy of the document from which all information that any party has requested be redacted has been redacted and clearly marked, "Agreed-Upon Redacted Copy – May Be Made Public" in the upper right-hand corner of the first page. During the two-day period, the proposed redacted copy shall be treated as protected. At the expiration of the two-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the court by the originating party, with a copy for filing under seal that highlights or otherwise conspicuously marks the Protected Information that has been redacted from the agreed-upon redacted copy.

(b) Any party at any time may serve on the other parties a proposed redacted copy of any other type of documents (other than a pleading, motion, brief, notice, affidavit, declaration, or similar document) that is served, generated, or produced in discovery, and shall clearly mark the document in the manner provided in paragraph 4(a). The other parties shall respond promptly, advising the serving party of any additional redactions they require. The serving party shall proceed as provided in the last sentence of paragraph 4(a).

5. a. Any party may, at any time, object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the Court for resolution. Until the Court resolves this matter, the disputed information shall be treated as protected.

b. The party seeking to maintain the confidentiality of the information shall have the burden of establishing that the document or testimony is entitled to protected treatment.

6. Without the consent of the other parties, no private party may make more than three (3) copies of any document containing Protected Information received from another party. Private parties may make additional copies for filing with the Court, service on the parties or use in discovery and may also incorporate limited amounts of protected information in their pleadings. All copies of such documents and of pleadings referring to Protected Information shall be clearly labeled in the manner required by paragraph 3 of this protective order.

7. Each person covered by this protective order shall take all necessary precautions to prevent disclosure of Protected Information, including but not limited to physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this protective order shall be maintained until the Court provides otherwise.

8. a. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private party shall (i) destroy all documents filed or served in this action that contain Protected Information, and certify in writing to all other parties that destruction has occurred; or (ii) return the documents filed or served in this action that contain Protected Information to the parties from which the documents containing Protected Information were received.

b. Counsel for each party may retain one copy, properly marked and secured, of the unredacted submissions to the Court.

9. Any party whose information has been designated as protected may at any time waive the protection of this protective order by advising counsel for all parties in writing, identifying with specificity the information to which this protective order shall no longer apply.

10. Nothing contained in this protective order shall preclude a party from seeking relief from this protective order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

11. If a party gives notice in writing that a document inadvertently not marked protected does

in fact contain Protected Information, the specified document shall then be treated in accordance with this protective order.

12. Counsel for the parties shall promptly report any breach of the provisions of this protective order to counsel for the other parties. Counsel shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not admitted to this protective order. The parties shall cooperate in determining the reasons for the breach.

13. a. If a subpoena or document demand in another action is served upon a party to this action that seeks Protected Information in this action, the recipient shall provide the party whose Protected Information is sought notice by telephone within twenty four (24) hours of receipt, and written notice by mail, hand or facsimile within forty-eight (48) hours of receipt. If the other party objects, the recipient shall not disclose that information except by Court Order.

b. The defendant shall take all proper steps necessary to prevent any other disclosure of such Protected Information, whether pursuant to the Freedom of Information Act, or otherwise.

14. This protective order does not waive any objection or claim of privilege.

IT IS SO ORDERED.

____________________________

George W. Miller
Judge