IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PDR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2047C |
| v. | ) | |
| | ) | (Judge George Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits the following proposed findings of uncontroverted fact in support of its Motion for Summary Judgment.

1. On about May 22, 1996, plaintiff, PDR, Inc. ("PDR") and the United States entered into a Co-operative Research and Development Agreement ("the CRADA") in which PDR agreed to perform research and development relating to fabrication of Gallium Nitride ("GaN") "targets" for use in creating GaN semiconductor films. Comp. 4, 6;[1] see also App. 1-13[2]

2. The CRADA was amended for the first time on May 21, 1997. This amendment extended its term from 12 months to 30 months. Comp. 4, App. 14-17.

3. During the course of performance of the CRADA, the parties had a relationship that was contentious at times, leading to the effective termination of work upon the CRADA prior to its completion date of November 22, 1998. App. 19; 35.

---

[1] "Comp.__" refers to a paragraph of plaintiff's "Amended Complaint."

[2] "App.__" refers to a page of the appendix attached to this filing.

4. Amendment 2 to the CRADA was signed by Mr. Kenneth Preston, on behalf of PDR, on August 31, 1999; by Mr. Richard Payne, on behalf of the Air Force Research Laboratory, on September 9, 1999; and by Mr. Lester McFawn, as the "Government Reviewing Official" on September 24, 1999. App. 25.

5. Amendment 2 to the CRADA included the following provision:

> 7. In Article 8.1, add new paragraph 8.1.1 as follows:
>
> > 8.1.1 A first amendment extended the CRADA for 30 months until 22 November 1998. As a result of a dispute(s), work was effectively terminated before this date. This revival of the CRADA implements the resolution of that dispute. The CRADA shall be extended for a six month period commencing on the signing of this amendment by the reviewing official.

App. 19.

6. The CRADA included the following provision, which was unaffected by any amendment:

> 8.4 Disputes. All disputes arising out of, or related to, this AGREEMENT shall be resolved in accordance with this Article.
>
> 8.4.1 The Parties shall attempt to resolve disputes between themselves. Any dispute which is not disposed of by agreement of the Parties shall be referred to the REVIEWING OFFICIAL for decision.
>
> 8.4.2 REVIEWING OFFICIAL. The REVIEWING OFFICIAL shall within sixty (60) days of the receipt of the dispute notify the Parties of the decision. This decision shall be final and conclusive unless, within thirty (30) days from the date of receipt of such copy, either Party submits to the REVIEWING OFFICIAL, a written appeal addressed to the Secretary of the Air Force.
>
> 8.4.3 Secretary of the Air Force. The decision of the Secretary of the Air Force, or his duly authorized representative, on the appeal shall be final and conclusive.

App. 5.

7. On October 20, 1998, Major General Richard R. Paul, the Commander of the Air Force Research Laboratory ("AFRL"), confirmed to PDR that Mr. Lester McFawn, the Director of the Sensors Directorate at AFRL, was the CRADA's "Reviewing Official." App. 25. Mr. McFawn held that position from October 1997 through September 1999. App. 26-27. Mr. Donald Hanson held the position of Director of the Sensors Directorate (and was, thus, the Reviewing Official) from September 1999 through May 2005. App. 29-30.

8. Neither Mr. McFawn nor Mr. Hanson recall ever being requested to make a decision to resolve a dispute pursuant to Section 8.4 of the CRADA. App. 27-28, 30. Mr. Michael Alexander, who supervised the scientists who worked with Mr. Preston and had reason to be informed of complaints submitted pursuant to Section 8.4 of the CRADA, saw no evidence of such a complaint during his time in the position (he left sometime in 2000). App. 32-33. Moreover, Mr. Samuel Rosengarten, who was the monitor of all CRADAs in the Sensors Directorate and maintained documentation of all correspondence of CRADAs through February 2001 has no recollection of any formal requests by PDR for dispute resolution by the Reviewing Official. App. 34-36. Mr. Rosengarten's files only contain two letters from Mr. Preston (on behalf of PDR), which involved informal resolution of matters not related to this lawsuit. See App. 37; 38 (letters).

9. PDR's only communication with the Secretary of the Air Force ("the Secretary") related to the CRADA is contained in the letter on pages 39 through 44 of the appendix to this filing. The letter, dated November 8, 2000 (and apparently resubmitted on December 11, 2000 (App. 45)), requests that the Secretary initiate an "investigation" of certain matters related to the

CRADA. App. 39. The letter to the Secretary refers to a letter that PDR had sent to the Air Force Research Laboratory legal office a year-and-a-half earlier, but does not refer to any decision by the Reviewing Official that PDR seeks to have the Secretary review. App. 39.

10. The Secretary's staff took PDR's letter to be a request for an investigation and forwarded it to the appropriate Inspector General's office. App. 46.

11. PDR's expert, Dr. Hatfield, supports PDR's allegation that Air Force patents "mirrored" technology provided to it by PDR solely by alleging that technology from Mr. Preston's 1999 patent, number 5,942,148, is reflected in four subsequent Air Force patents. App. 53

12. Dr. Hatfield alleges that the "new technology" reflected in Mr. Preston's 1999 patent (that was allegedly misappropriated by the Air Force patents) had two major components: first, the use of ammonium salts in the creation of GaN crystals; second, the use of "hot pressing" to create a GaN "target." App. 48-49.

13. Neither of the two major components of PDR's "new" technology was newly used by the Air Force in the four subject patents. Regarding the first component, the Air Force had an extensive program for the use of ammonium salts in the creation of GaN targets pre-dating PDR's involvement with the Air Force. App. 49, 79. Regarding the second component, although the Air Force patents were related to the creation of GaN crystals, they did not utilize the hot pressing method in any way. App. 49.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305–7586
Fax: (202) 514-7969

March 9, 2007

INDEX TO APPENDIX

CRADA and amendments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Letter from Major General Paul to Kenneth Preston . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Declaration of Lester McFawn . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Declaration of Donald Hanson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Declaration of Michael Alexander . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Declaration of Samuel Rosengarten . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Letter from PDR to Samuel Rosengarten, dated January 7, 1999 . . . . . . . . . . . . . . . . . . . . . . . 37

Letter from PDR to Samuel Rosengarten, dated January 19, 1999 . . . . . . . . . . . . . . . . . . . . . . 38

Letter from Kenneth Preston to Secretary of the Air Force . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Letter from Kenneth Preston to SAF/MI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Letter from SAF/MI to Kenneth Preston . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Deposition testimony of Dr. Brooke Hatfield . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

Expert Report (for plaintiff) of Dr. Brooke Hatfield . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

Declaration of Dr. Ian Ferguson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

Expert Report (redacted, for Government) of Dr. Ian Ferguson . . . . . . . . . . . . . . . . . . . . . . . . 56