IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PDR, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 03-2047C (Judge George W. Miller) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Plaintiff respectfully submits herewith its response to Defendant's Proposed Findings of Uncontroverted Fact.

1. On or about May 22, 1996, Plaintiff, PDR, Inc. ("PDR") and the United States entered into a Co-operative Research and Development Agreement ("CRADA") in which PDR agreed to perform research and development relating to fabrication of Gallium Nitride ("GaN") "targets" for use in creating GaN semiconductor films. Comp. 4, 6; see also App. 1-13.

**-Agreed**.

2. The CRADA was amended for the first time on May 21, 1997. This amendment extended it term from 12 months to 30 months. Comp. 4, App. 14-17.

**-Agreed**

3. During the course of performance of the CRADA, the parties had a relationship that was contentious at times, leading to the effective termination of work upon the CRADA prior to its completion date of November 22, 1998. App. 19; 35.

**-Agreed.**

4. Amendment 2 to the CRADA was signed by Mr. Kenneth Preston, on behalf of PDR, on August 31, 1999; by Mr. Richard Payne, on behalf of the Air Force Research Laboratory, on September 9, 1999; and by Mr. Lester McFawn, as the "Government Reviewing Official" on September 24, 1999. App. 25.

**-Agreed.**

5. Amendment 2 to the CRADA included the following provision:

> 7. In Article 8.1, add new paragraph 8.1.1 as follows:
>
> > 8.1.1 A first amendment extended the CRADA for 30 months until 22 November 1998. As a result of a dispute(s), work was effectively terminated before this date. This revival of the CRADA implements the resolution of that dispute. The CRADA shall be extended for a six month period commencing on the signing of this amendment by the reviewing official.

App. 19.

**-Agreed**

6. The CRADA included the following provision, which was unaffected by any amendment:

> 8.4 <u>Disputes</u>. All disputes arising out of, or related to, this AGREEMENT shall be resolved in accordance with this Article.

> 8.4.1 The Parties shall attempt to resolve disputes between themselves. Any dispute which is not disposed of by agreement of eh Parties shall be referred to the REVIEWING OFFICIAL for decision.
>
> 8.4.2 <u>REVIEWING OFFICIAL.</u> The REVIEWING OFFICIAL shall within sixty (60) days of the receipt of the dispute notify the Parties of the decision. This decision shall be final and conclusive unless, within thirty (30) days from the date of receipt of such copy, either Party submits to the REVIEWING OFFICIAL, a written appeal addressed to the Secretary of the Air Force.
>
> 8.4.3 <u>Secretary of the Air Force.</u> The decision of the Secretary of the Air Force, or his duly authorized representative, on the appeal shall be final and conclusive.

App. 5.

**-Agreed**

7. On October 20, 1998, Major General Richard R. Paul, the Commander of the Air Force Research Laboratory ("AFRL"), confirmed to PDR that Mr. Lester McFawn, the Director of the Sensors Directorate at AFRL, was the CRADA's "Reviewing Official." App. 25. Mr. McFawn held that position from October 1997 through September 1999. App. 26-27. Mr. Donald Hanson held the position of Director of the Sensors Directorate (and was, thus, the Reviewing Official) from September 1999 through May 2005. App. 29-39.

**-Plaintiff disagrees with the statement that Major General Paul confirmed anything to PDR, rather, upon PDR's inquiry as to whom the reviewing official was it was informed by Major General Paul that it was Lester McFawn. Plaintiff refers**

**the Court to the Declaration of Kenneth Preston and to its Proposed Findings of Uncontroverted Fact.**

8. Neither Mr. McFawn nor Mr. Hanson recall ever being requested to make a decision to resolve a dispute pursuant to Section 8.4 of the CRADA. App. 27-28, 30. Mr. Michael Alexander, who supervised the scientists who worked with Mr. Preston and had reason to be informed of complaints submitted pursuant to Section 8.4 of the CRADA, saw no evidence of such a complaint during his time in the position (he left sometime in 2000). App. 32-33. Moreover, Mr. Samuel Rosengarten, who was the monitor of all CRADAs in the Sensors Directorate and maintained documentation of all correspondence of CRADAs through February 2001 has no recollection of any formal requests by PDR for dispute resolution by the Reviewing Official. App. 34-36. Mr. Rosengarten's files only contain two letters from Mr. Preston (on behalf of PDR), which involved informal resolution of matters not related to this lawsuit. See App. 37-38 (letters).

**-Plaintiff is not able to agree or disagree as to the memories of Mr. McFawn, Mr. Hanson, or Mr. Rosengarten and has no knowledge of the contents of Mr. Rosengartens file.**

9. PDR'S only communication with the Secretary of the Air Force ("the Secretary") related to the CRADA is contained in the letter on pages 39 through 44 of the appendix to this filing. The Letter, dated November 8, 2000 (an apparently resubmitted on December 22, 2000, (App.45), requests that the Secretary initiate an "investigation" of certain matters related to the CRADA. App. 39 The letter to the Secretary refers to a letter that PDR had sent to the Air Force Research Laboratory legal office a year-and-a-half earlier,

but does not refer to any decision by the reviewing Official that PDR needs to have the Secretary review. App. 39.

**-Plaintiff disagrees with the statement that PDR's only communication with the Secretary of the Air Force related to the CRADA was the letter dated November 8, 2000 (See Defendant's Appendix 30-44). Plaintiff refers the Court to the Declaration of Kenneth Preston Appendix 213 - 214 # 59 - 62 and its Proposed Findings of Uncontroverted Fact.**

10. The Secretary's staff took PDR's letter to be a request for an investigation and forwarded it to the appropriate Inspector General's office. App. 46.

**-Agreed. However, Plaintiff would point out that it also forwarded the same letter to the Inspector General's office for the Department of Defense on January 31, 2001. (See Declaration of Kenneth Preston Appendix 214 # 63 and its Proposed Findings of Uncontroverted Fact.**

11. PDR's expert, Dr. Hatfield, supports PDR's allegation that Air Force patents "mirrored" technology provided to it by PDR solely by alleging that technology from Mr. Preston's 1999 patent, number 5,942,148, is reflected in four subsequent Air Force patents. App. 53

**-Agreed**

12. Dr. Hatfield alleges that the "new technology" reflected in Mr. Preston's 1999 patent (that was allegedly misappropriated by the Air Force patents) had two major components: first, the use of ammonium salts in the creation of GaN crystals; second, the use of "hot pressing" to create a GaN "target" App. 48-49.

**-Plaintiff disagrees with the statement in its entirety since it was formulated from responses to specific questions at deposition. Dr. Hatfield's opinion may be read as contained in his written expert opinion. (See Defendant's Appendix 50-53).**

13. Neither of the two major components of PDR's new technology was newly used by the Air Force in the four subject patents. Regarding the first component, the Air Force had an extensive program for the use of ammonium salts in the creation of GaN targets predating PDR's involvement with the Air Force. App. 49, 79. Regarding the second component, although the air Force patents were related to the creation of GaN crystals, they did not utilize the hot pressing method in any way. App. 49.

**-Plaintiff disagrees with the statement in its entirety. The first part of the statement is irrelevant since despite AFRL's experimentation with ammonium salts predated that of PDR's, all of its research and experimentation failed to produce a target of electronic grade GaN. The fact that AFRL's patents did not utilize a hot press method is also irrelevant. What is relevant is that AFRL confiscated PDR's targets and conducted experiments with them over a period of months which enabled AFRL to obtain the data (which was withheld from the Plaintiff in violation of the CRADA) it needed to develop its techniques reflected in its patents. All the while PDR data was being shared with two competitors who were also in the lab, i.e. Solid State Scientific Corporation and NZ Technologies, Inc.**

**Plaintiff respectfully states the Defendant's Proposed Findings are woefully short on detail and refers the Court to Plaintiff's Proposed Findings of Uncontroverted Fact and Appendices thereto.**

Respectfully submitted,

s/ PHILIP F. FILOSA

Philip F. Filosa
P.O. Box 808
Wrentham, MA 02093
Tel.: (508) 397-0525
Email: pffilosa@netzero.net

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

Jeanne E. Davidson
Director

J. REID PROUTY
J. Reid Prouty
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
ATTN: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7586
Fax: (202) 514-7969

Dated:

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 7th day of May, 2007, a copy of the foregoing " PLAINTIFF'S ASSENTED TO MOTION TO EXTEND TIME FOR FILING ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PHILIP F. FILOSA

Attorney for the Plaintiff.